filed stamp appears in corner

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HASSAN TARAWALLY by EMELINDA
CRABBE as next friend,

                Petitioner,

        -against-

ROCKAWAY CARE CENTER,

                Respondent.
------------------------------------------------------------X
```

FILED / IN CLERK'S OFFICE / U.S. DISTRICT COURT E.D.N.Y. / APR 11 2014 / BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

14-CV-1747 (CBA)

AMON, Chief United States District Judge:

Petitioner Emelinda Crabbe as next friend of Hassan Tarawally brings this pro se petition for a writ of habeas corpus seeking to remove Tarawally from Rockaway Care Center, a nursing home located in Queens County. The Court grants the applications to proceed in forma pauperis. The petition, however, is dismissed as set forth below.

## BACKGROUND

Crabbe alleges that Tarawally was discharged from Bellevue Hospital and transferred to Rockway Care Center "because there was nothing more medically the hospital could do for him." (Petition at 1.) She alleges that Tarawally's medical condition has deteriorated while at Rockaway Care Center, and seeks his removal so that she may care for him in Virginia as his domestic partner. (See Petition at 1-2, Unmarked Exhibits.)

## DISCUSSION

A.  Next Friend Status

A petition for writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In order for the Court to consider the merits of the instant petition, Emelinda Crabbe must show that she has standing to

proceed as "next friend" to Hassan Tarawally. Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).

> Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action. . . . Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

Id. at 163-64. Furthermore, "[t]he burden is on the 'next friend' [to] clearly . . . establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164. Here, Crabbe is a domestic partner of Tarawally, and alleges that Tarawally suffers from "neurological damage [from a] stroke." (Petition at 2, ¶ IV.) The Court therefore allows Crabbe to proceed as next friend solely for the purpose of this order.

B. Habeas Corpus Relief Unavailable

Habeas corpus relief is only available to persons in the custody of a State or the Federal government. See 28 U.S.C. §§ 2254, 2255. The Supreme Court has generally "limited the writ's availability to challenges to state-court judgments in situations where – as a result of a state-court criminal conviction – a petitioner has suffered substantial restraints not shared by the public generally." Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S. 502, 510 (1982). Furthermore, to bring a habeas corpus petition, the petitioner must be "'in custody' within the meaning of" the habeas statutes. Id.

Here, there is no allegation that Tarawally is in state or federal custody pursuant to a state or federal court judgment. Even assuming Tarawally is a prisoner in that he is suffering restraints not shared by the public generally, there is no allegation in the petition that those restrictions are the

2

result of state or federal court action of any type. Furthermore, Tarawally is not in the "custody" of the state or federal government – Rockaway Care Center, where Tarawally allegedly resides, is a private facility, see http://rockawaycc.com (last visited Mar. 31, 2014). Habeas corpus has never been "considered . . . a generally available federal remedy for every violation of federal rights," Lehman, 458 U.S. at 510; in the absence of any allegation that Tarawally is in the custody of a state or federal government, or at least in custody pursuant to a state or federal court order, this Court lacks jurisdiction to grant habeas relief. Cf. Lehman, 458 U.S. at 510-11 (habeas petition brought on behalf of children placed in foster homes pursuant to court order improper because children were not in custody of the state and were not suffering from restrictions imposed by state criminal justice system); Middleton v. Attorneys Gen. of States of N.Y. and Pa., 396 F.3d 207, 209-10 (2d Cir. 2005) (because children placed into foster home were "not in state custody within the meaning of section 2254," court lacked jurisdiction to review custody determination through habeas proceeding).

## CONCLUSION

Because the Court lacks jurisdiction to grant habeas corpus relief, the petition for a writ of habeas corpus is dismissed. However, in light of this Court's duty to liberally construe pro se complaints, Crabbe is given thirty (30) days leave to file an amended petition. Should she elect to file an amended petition, she must indicate a basis for this Court's exercise of jurisdiction, i.e. some sort of governmental action responsible for the deprivation of Tarawally's liberty.

No summons shall issue at this time, and all proceedings shall be stayed for thirty days. If Crabbe fails to amend the petition within thirty days as directed by this Order, the Court shall enter judgment. As this petition presents no "substantial showing of the denial of a constitutional right," a Certificate of Appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to

28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon

Dated: Brooklyn, N.Y.
April 11, 2014

Carol Bagley Amon
United States District Judge