UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HASSAN TARAWALLY by EMELINDA
CRABBE as next friend,

        Petitioner,

-against-

ROCKAWAY CARE CENTER,

        Respondent.
---------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

14-CV-1747 (CBA)

AMON, Chief United States District Judge.

On March 13, 2014, petitioner Hassan Tarawally, by his next friend Emelinda Crabbe, filed a pro se petition for a writ of habeas corpus, seeking to remove Tarawally from Rockaway Care Center, a nursing home located in Queens County. By Order dated April 11, 2014, the Court granted petitioners' requests to proceed in forma pauperis and dismissed the petition because the Court lacked jurisdiction to grant the relief requested with leave to file an amended petition within 30 days. On April 24, 2014, Emelinda Crabbe filed a response to the Court's Order; however, the response was not in the form of an amended petition and provided no basis for the Court's jurisdiction over this matter. The time for filing an amended petition has now elapsed.

Crabbe's April 24th filing indicated that she may wish to file a civil rights action against state officials. To do so, she must open a new action; this action, initiated as a habeas proceeding, may not be amended to add entirely new defendants and causes of action. Crabbe is reminded that any newly-filed complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, and contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Furthermore, the Court notes that in seeking to redress of an alleged violation of Tarawally's constitutional rights through a civil action, Crabbe cannot bring a suit on his behalf without counsel. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by

counsel . . . ."); see also Berrios v. N.Y.C. Housing Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("If the representative of [an] incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."). Tarawally must either bring such a claim himself, or Crabbe may do so only with the representation of an attorney.

Because petitioners' time for filing an amended petition has now elapsed, the petition is dismissed as set forth in the Court's April 11, 2014 Memorandum and Order. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). The Court certifies that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.                                    /S/ Chief Judge Carol Bagley Amon
Dated: Brooklyn, New York                      Carol Bagley Amon
     July, 7  2014                       United States District Judge